988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Barry JORDAN, Defendant-Appellant.
 No. 92-30001.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-90-28-01-HJF; Helen J. Frye, District Judge, Presiding.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Barry Jordan appeals pro se the district court's denial of his Fed.R.Crim.P. 41(e) motion for the return of cash, a wallet containing identification, and two airline tickets seized during the execution of a search warrant at his property in Sheridan, Oregon. Jordan contends that the seized property was not related to any illegal activity and that the district court erred by (1) failing to allow him to contest the validity of the proceeding by which some of the property was administratively forfeited, and (2) failing to allow him the opportunity to file a reply to the government's opposition to his motion. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 On February 11, 1990, federal agents and local police officers executed a federal search warrant to search Jordan's property in Sheridan, Oregon. Numerous marijuana plants and related growing paraphernalia were seized. In addition, $4,857 in cash, two airplane tickets, and a wallet containing Jordan's identification were seized.
 
 
 4
 Following denial of pretrial motions to suppress the evidence gathered during the execution of the search warrant on February 11, Jordan entered a conditional guilty plea to conspiracy to manufacture, distribute and possess with intent to distribute more than 50 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.
 
 
 5
 On May 22, 1991, judgment was entered against Jordan. On May 29, 1991, Jordan filed his notice of appeal from the judgment order. On October 15, 1991, while his direct appeal was still pending in this court, Jordan filed his Rule 41(e) motion seeking the return of the cash, his wallet, and the airline tickets seized during the February 11 search of his property.
 
 
 6
 The money Jordan sought to have returned to him had previously been forfeited to the United States government following administrative civil forfeiture proceedings under 21 U.S.C. § 881.
 
 
 7
 Once civil forfeiture proceedings under 21 U.S.C. § 881 are instituted, Fed.R.Crim.P. 54(b)(5) precludes a district court's consideration of a Rule 41(e) motion in a criminal action.[1] United States v. U.S. Currency, $83,31.78, 851 F.2d 1231, 1233 (9th Cir.1988); accord United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990). A district court should not exercise its equitable jurisdiction in these matters because the movant has an adequate remedy at law under the Tucker Act, 28 U.S.C. § 1491(a)(1). See Elias, 921 F.2d at 875. Therefore, the district court properly concluded that it did not have jurisdiction to consider Jordan's motion as to the administratively forfeited money. See Elias, 921 F.2d at 875; U.S. Currency, $83,31.78, 851 F.2d at 1233.
 
 
 8
 The district court did, however, rule on the merits of the Rule 41(e) motion as it pertained to the wallet and the airline tickets Jordan sought to have returned. The district court denied the motion because the government met its burden of demonstrating a legitimate reason to retain the property when it showed that the wallet and the airline tickets might be need as evidence in future hearings. Jordan only contention on this appeal is that the district court should have let him file a reply to the government's supplemental response in support of its opposition to his Rule 41(e) motion. This contention is without merit.
 
 
 9
 There is no authority to support Jordan's contention that it was error for the district court to deny him the opportunity to respond to the government's supplemental response. On October 15, 1991, the district court received Jordan's "Notice of Motion and Motion for the Return of Personal Property with an Affidavit in Support." On November 15, the government filed a "Government's Response to Defendant's Motion for Return of Property." On December 6, Jordan then filed "Defendant/Petitioner's Reply to the Government's Opposition to the Defendant's Motion for the Return of His Personal Property." On December 20, the government followed with its own "Governments's Supplemental Response to Defendant's Motion for Return of Property." The record reveals more than enough information from which the district court could make its findings.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 54(b)(5) expressly provides that the Federal Rules of Criminal Procedure are "not applicable to ... civil forfeiture of property for violation of a statute of the United States."