**Alvin Laroue PINKOSON, Plaintiff—Appellant,**

v.

**Joseph M. ARPAIO, sued in official capacity; et al., Defendants— Appellees.**

No. 05–16516.

D.C. No. CV–00–02436–MHM.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 23, 2006.

Alvin Larue Pinkoson, Buckeye, AZ, pro se.

Michael G. Sullivan, Maricopa County Attorney's Office Division of County Counsel, Phoenix, AZ, for Defendants–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Arizona state prisoner Alvin Laroue Pinkoson appeals pro se from the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging defendants violated his Fourteenth Amendment rights by placing him in a "dry cell" during his arraignment hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Pinkoson's claim that defendants violated his Fourteenth Amendment rights, because the evidence taken in the light most favorable to Pinkoson fails to show defendant officers placed him in the holding cell for the purpose of punishment. *See Bell v. Wolfish*, 441 U.S. 520, 537–38, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir.1998). Moreover, because the district court properly concluded there was no constitutional violation, it also properly granted summary judgment in favor of defendants Arpaio and the Maricopa County Board of Supervisors. *See Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir.1996) (concluding judgment in favor of police chief and city was proper because "an individual may recover under § 1983 only when his federal rights have been violated").

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We decline to consider evidence and arguments presented for the first time on appeal. *See United States v. Elias,* 921 F.2d 870, 874 (9th Cir.1990).

The remaining contentions lack merit.

**AFFIRMED.**