**Monte C. HOISINGTON,**
**Plaintiff–Appellant,**

v.

**Henry RICHARDS, Dr.; et al.,**
**Defendants–Appellees.**

**No. 06–36025.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 10, 2007.

Monte C. Hoisington, Steilacoom, WA, pro se.

Timothy Norman Lang, Esq., Donna J. Hamilton, Esq., Office of the Washington Attorney General, Social & Health Ser-

vices, Olympia, WA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Monte C. Hoisington, civilly committed in Washington state as a sexually violent predator, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging defendants violated his due process rights by denying him property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment, because Hoisington failed to create a triable issue as to whether defendants' decisions regarding his personal property bore no reasonable relationship to the purpose of his commitment, *see Seling v. Young*, 531 U.S. 250, 265, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001), or were punitive, *see Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir.2004) (although an individual detained under civil process cannot be subject to conditions amounting to punishment, "[l]egitimate, non-punitive government interests include ... effective management of a detention facility").

We decline to consider issues and evidence raised for the first time on appeal.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See United States v. Elias,* 921 F.2d 870, 874 (9th Cir.1990) (explaining that the appellate court reviews only issues and documents included in the district court record).

Hoisington's remaining contentions lack merit.

**AFFIRMED.**