MEMORANDUM **
Terrance Jon Irby, a former pretrial detainee at Skagit County Jail, appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action claiming that jail personnel were deliberately indifferent to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.
The district court properly granted summary judgment to defendant Dormer because Irby failed to raise a triable issue that Dormer intentionally gave him the wrong medication. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (explaining that deliberate indifference involves a purposeful act); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998) (holding that, because pretrial detainees’ Fourteenth Amendment rights are comparable to prisoners’ Eighth Amendment rights, the same standards apply). Moreover, insofar as Irby sought to bring a failure to protect claim against defendants Shand and Skagit County Jail based on how the jail dispenses medication, the district court properly granted summary judgment because no reasonable jury could conclude that the defendants deliberately exposed Irby to a serious risk of harm. See Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (“[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.”).
The district court also properly granted summary judgment because there was no genuine issue of material fact regarding whether the treatments chosen by Dr. Leibrand were medically unacceptable. See Toguchi, 391 F.3d at 1058 (explaining that a difference of opinion about the best course of medical treatment is insufficient to raise a genuine issue that the treatment was medically unacceptable).
We deny Irby’s motion to submit the declaration of witness Marcus Everett. See United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990) (“Documents or facts not presented to the district court are not part of the record on appeal.”).
*373 Irby’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.