UNITED STATES of America,
Plaintiff–Appellee,

v.

Dennis Edward ELIAS,
Defendant–Appellant.

No. 89–16707.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 1990.

Decided Dec. 11, 1990.

Thomas E. Higgins, Jr., Tucson, Ariz., for defendant-appellant.

John S. Leonardo, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before WALLACE, ALARCON and WIGGINS, Circuit Judges.

ALARCON, Circuit Judge:

Dennis Edward Elias appeals from the dismissal of his motion, filed pursuant to Federal Rule of Criminal Procedure 41(e),[1] for the return of $14,830 and a Chevrolet IROC automobile. The Drug Enforcement Agency (DEA) had seized the property as an incident to Elias' arrest in a private residence.

---

1. Federal Rule of Criminal Procedure 41(e) provides in its entirety:

(e) **Motion for Return of Property.** A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

The district court denied the motion for the return of property based on the representation of the parties that civil administrative forfeiture proceedings had been initiated by the government prior to the filing of the Rule 41(e) motion.

Elias contends that the district court was required to return the property pursuant to a Rule 41(e) motion upon the dismissal of the criminal action on July 7, 1989, based on the lack of probable cause to arrest him.

We must decide whether the district court properly dismissed the Rule 41(e) motion because the government had previously initiated administrative forfeiture proceedings which provided the claimant with an adequate remedy at law for the return of the property that was seized. We affirm because we conclude that Elias had an adequate remedy at law at the time he initiated these equitable proceedings.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Elias was arrested on February 25, 1989, by Officers of the Drug Enforcement Administration (DEA agents). As an incident thereto, the DEA agents searched Elias' person and seized $14,830, a portable cellular phone, and "some drug ledgers" that Elias was carrying on his person. The DEA agents also seized Elias' 1987 Chevrolet automobile.

Elias was indicted on March 22, 1989, for conspiracy to possess with intent to distribute approximately 1000 pounds of marijuana. Elias filed a motion to dismiss the indictment on April 24, 1989, on the ground that the evidence was insufficient. The judge granted this motion on July 7, 1989.

On September 5, 1989, Elias filed a motion for the return of the automobile, the money, and the cellular telephone. The pleading was styled "Motion for Return of Seized Property (Criminal Rule 41(e))."

On September 12, 1989, the government filed its opposition to the motion for the return of property. The pleading informed the district court that administrative forfeiture proceedings had been initiated in April by the government's service of notice of its intent to forfeit the seized property and publication of the notice for three consecutive weeks in May and July of 1989.

The opposition also stated that "[a]s Elias was informed by the notice that was served upon him, he could have caused the judicial determination of the forfeiture by filing a claim and cost bond with DEA. This he failed to do." The opposition concluded with the request that the court "deny the Motion for Return of Property, leaving the disposition of the seized property to be resolved in the context of the civil forfeiture."

On October 4, 1989, Elias filed a pleading styled as a "Supplement to Motion for Return of Seized Property." The motion stated "[n]o forfeiture proceedings have been initiated herein. The Petition for Remission and Mitigation was filed timely in both the seizure cases herein and have [sic] not been ruled upon to this date."

A hearing was conducted on October 5, 1989, on Elias' motion for return of his property. Elias' counsel informed the court that "there was a forfeiture action and a notice of seizure, and there is no forfeiture action pending now, not any *judicial* forfeiture. In fact, the notice of seizure as to the $14,830 was filed and noticed August 31, 1989." In response, the government informed the court that Elias' counsel had been given notice of "the deadlines and the procedures that had to be followed in order to cause that administrative forfeiture to become judicial, in which case he could have concentrated on the forfeiting problems, but he failed to do that." Elias' counsel replied that "the bond, the claims, the petition, they were all filed." Evidence supporting this statement was not presented to the district court. The court took the issues raised by the motion and the opposition under submission. On November 21, 1989, the court entered the following order: "IT IS ORDERED that the Motion is DENIED; defendant can litigate the issue in the civil forfeiture proceeding."

## II.

### ARGUMENTS ON APPEAL

Elias contends that because the government did not file an appeal from the order granting the motion to dismiss the indictment against him, "the property should have been ordered returned" by the district court. He argues that, pursuant to 21 U.S.C. § 881–1, the government was required to file a notice of forfeiture "no later than July 25, 1989" because he filed a claim and cost bond for each property on May 25, 1989. No evidence was presented to the district court concerning the date the claims and cost bonds were filed. The government asserts in its responsive brief that because the appropriate claim and cost bond were not filed, judicial forfeiture proceedings were not initiated. The government also notes that, assuming that it failed to comply with the requirements of section 881–1, this alleged violation of a civil forfeiture statute cannot be litigated in a Rule 41(e) criminal proceeding.

## III.

### DISCUSSION

■ Elias' primary contention on this appeal is that "[s]ince no civil forfeiture proceeding is pending, the rule in *United States v. Martinson*, 809 F.2d 1364 (9th Cir.1987) applies." Elias' reliance on our decision in *Martinson* is misplaced.

In *Martinson*, police officers seized nine 19th Century black powder Winchester rifles as an incident to the arrest of the driver of a truck and trailer because of an outstanding federal warrant. *Id.* at 1365. Martinson was released shortly after being taken to jail, because the warrant had been recalled but had not yet been entered into the district court's records. *Id.* at 1366.

While Martinson was in custody, a public defender was appointed to represent him. The public defender filed a motion pursuant to Rule 41(e) seeking return of the firearms. *Id.* However, this motion was denied. *Id.*

A motion for reconsideration was filed in the district court. While this motion was pending, administrative forfeiture proceedings were commenced. *Id.* at 1366. Martinson's attorney requested that the administrative proceedings be suspended. The government agreed. The motion to return the firearms was denied. While the *Martinson* matter was pending on appeal, and prior to oral argument, the firearms were destroyed by the government. *Id.*

We held in *Martinson* that the district court had equitable jurisdiction to entertain the motion for the return of property "even if styled as being pursuant to Fed.R. Crim.P. 41(e)." *Id.* at 1367. In holding that equitable jurisdiction was available under the facts presented in *Martinson,* however, we noted "this is not a case in which the property in question was forfeited pursuant to statute after *adequate* notice to the movant." *Id.* at 1368 n. 3 (emphasis added). We concluded in *Martinson* that it was necessary to exercise equitable jurisdiction "to secure complete justice." *Id.* at 1367 (quoting *EEOC v. General Tel. Co.,* 599 F.2d 322, 324 (9th Cir.1979), *aff'd,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980)).

In the instant matter, the parties are in agreement that the government had initiated administrative forfeiture proceedings pursuant to statute after notice to Elias. The parties differ only regarding the legal sufficiency of the claims filed by Elias. In *Martinson,* the claimant had no legal remedy because the government improperly destroyed his property pursuant to administrative proceedings that should have been stayed. 809 F.2d at 1366–69. In this matter, Elias had a remedy at law pursuant to the administrative forfeiture scheme set forth in 19 U.S.C. § 1608. Hence, *Martinson* offers no support for Elias' argument that the district court had equitable jurisdiction to entertain his motion.

This case is controlled by our decision in *United States v. United States Currency, $83,310.78,* 851 F.2d 1231 (9th Cir.1988). In *United States Currency,* the government seized $83,310.78 and notified its apparent owner of the seizure. *Id.* at 1232. After filing the required claim and bond, the owner filed a Rule 41(e) motion for return of

the property. There were no criminal proceedings pending at this time and the government had not filed a civil forfeiture action. On the next day, the government filed a civil forfeiture action. *Id.* at 1233. We held that under these circumstances, the Rule 41(e) motion was properly dismissed. · The reason for the dismissal was that Rule 54(b) of the Federal Rules of Criminal Procedure expressly provides that the rules are not applicable to "civil forfeiture of property." *Id.* (quoting Fed.R. Crim.P. 54(b)). We also declined to treat the Rule 41(e) motion as an equitable proceeding. "[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant." *Id.* at 1235.

Elias attempts to distinguish *United States Currency* on the ground that no civil forfeiture proceeding was initiated by the government in this matter. His argument is unpersuasive. It is quite true that in *United States Currency,* the government filed an in rem forfeiture proceeding in the district court instead of relying on administrative forfeiture proceedings pursuant to 19 U.S.C. §§ 1607–09, as in the matter *sub judice.* Both procedures give the claimant an adequate remedy at law. The procedure invoked by the government pursuant to 19 U.S.C. § 1607 and 21 U.S.C. § 881–1(d) provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property.

Section 1607(a) provides that written notice of a seizure of specified property and of the intention to forfeit it shall be published for at least three successive weeks. In addition, "[w]ritten notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a). Elias does not dispute the adequacy of the notice he received concerning the government's intent to forfeit his property.

A person claiming an interest in the property may file a claim stating his interest within twenty days. 19 U.S.C. § 1608. Upon posting of a bond, the claim and bond must be transmitted to the United States Attorney for the filing of proceedings to forfeit the property. 19 U.S.C. § 1608. If the offense is drug related, as in this matter, the attorney general must file a complaint for forfeiture within 60 days after a claim and cost bond have been filed. 21 U.S.C. § 881–1(c). "If the Attorney General does not file a complaint as specified in the preceding sentence, *the court shall order the return of the conveyance to the owner and the forfeiture may not take place."* *Id.* (emphasis added). Thus, under section 881–1(c), a claimant who has filed a timely claim and suitable bond may file a motion for the return of his vehicle if a complaint is not filed within 60 days. If, as claimed by Elias, no complaint was filed after he filed a claim and posted bond, a remedy at law was available under section 881–1(c).

If "no claim is filed or bond given within twenty days" of notice, the property shall be declared forfeited. 19 U.S.C. § 1609(a). "A declaration of forfeiture under this section shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States." *Id.* at § 1609(b).

In the supplement to his motion for the return of property filed on October 4, 1989, Elias represented to the district court that he filed a timely "Petition for Remission and Mitigation" and that it had not been ruled upon. Elias' counsel did not explain to the district court the nature of this pleading, nor when it was filed. Elias makes no reference to the petition in the briefs filed in this court. On October 5, 1989, at the proceedings on the motion for the return of property, Elias' counsel represented to the court that "the notice of seizure ... was filed and noticed August 31, 1989." He further stated that "the bond, the claims, the petition, they were all filed." Elias' counsel also informed the court that no *judicial* forfeiture proceedings were pending.

Pursuant to 21 U.S.C. § 881–1(a), the owner of a vehicle seized in connection with a drug-related offense may petition the attorney general for an expedited decision.

No showing was made before the district court that Elias petitioned for an expedited decision whether forfeiture proceedings should be initiated. Furthermore, if, as represented by Elias' counsel, a notice of the seizure was not "filed and noticed" until August 31, 1989, the sixty-day period for the filing of a complaint for forfeiture had not expired on the date the motion was taken under submission on October 5, 1989.

Elias' counsel also represented to the court on October 5, 1989, that he had filed a timely claim. No evidence was offered by Elias to support this assertion. Attached to the reply brief subsequently filed in this court, however, are two documents that purport to be verified claims for the return of $14,830.00 and the 1987 Chevrolet automobile. These documents do not bear any file stamp. They are addressed to the United States District Court for the District of Arizona. The first document is dated October 6, 1989, the day *after* this matter was taken under submission. The second is dated October 11, 1989. Elias has also attached to his reply brief, as Appendix E, a machine copy of a published notice in the newspaper USA Today dated May 24, 1989, concerning the 1987 Chevrolet.

■ Documents or facts not presented to the district court are not part of the record on appeal. *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077–78 (9th Cir. 1988). "The appealing litigant must ensure that sufficient facts are developed at trial to support a challenge on appeal." *Anderson v. Cumming*, 827 F.2d 1303, 1305 (9th Cir.1987). None of the factual representations made by Elias have any support in the record. The appellant, Elias, "must bear the burden of a factual record that is incomplete on the issues [he] raises." *Id.* As discussed below, not only did Elias fail to present any evidence to the district court, the documents he has attached to the reply brief support the government's position.

In his reply brief, Elias states: "Because of the government's erroneous assertions to the effect that Appellant failed follow [sic] the claim procedures of 19 U.S.C. Sec. 1608, it is necessary to supplement Appellant's factual stance with the appendices attached herein." Appellant's Reply Brief at 1. In fact, the dates on these "claims" and the published notice, confirm the government's argument that Elias failed to comply with the provisions of 19 U.S.C. § 1608. That statute requires that the claim be filed within twenty days "from the date of the first publication of the notice of seizure." 19 U.S.C. § 1608. A claim filed on October 6, 1989, and October 11, 1989, would clearly exceed the twenty-day requirement if publication of notice occurred on May 24, 1989, as conceded by Elias.

Based on the representations made by Elias' counsel to the district court at the time this matter was under submission on October 5, 1989, that the claims and adequate bonds had been filed, a remedy at law was available to him to challenge the seizure of his property. Whether he lost the opportunity to invoke the appropriate statutory remedy provided by 21 U.S.C. § 881–1(c) by failing to follow the procedures set forth in 21 U.S.C. § 881–1(c) and 19 U.S.C. § 1608 is not clear from the meager showing made by appellant. Failure to comply with a remedy at law does not make it inadequate so as to require the district court to exercise its equitable jurisdiction.

In a case involving strikingly similar facts, the Eighth Circuit upheld the dismissal of a Rule 41(e) motion in *In re Harper*, 835 F.2d 1273 (8th Cir.1988). In *Harper*, the claimant filed a Rule 41(e) motion for the return of money seized at the airport by security officers at a checkpoint scanner. *Id.* Thereafter, "the government instituted forfeiture proceedings by mailing and publishing a notice of intention to forfeit Harper's money." pursuant to 19 U.S.C. § 1607(a) and 21 U.S.C. § 881(d). *Id.* at 1274. The government filed a motion to dismiss the Rule 41(e) motion, "because Harper's motion resorted to the Federal Rules of Criminal Procedure to attack a completed civil forfeiture proceeding." *Id.* The district court dismissed the Rule 41(e) motion. *Id.*

The Eighth Circuit affirmed the dismissal holding that "the district court did not abuse its discretion when it refused to invoke its equitable powers in the circumstances of this case." *Id.* at 1275. The court reasoned as follows:

> Although Harper had knowledge of the pending forfeiture proceeding, he allowed the matter to finalize without challenging the forfeiture or seeking a stay of the proceedings. Harper now claims he may attack that civil forfeiture by utilizing rule 41(e). We disagree. Harper cannot pursue an equitable remedy in the district court when he did not challenge in any way the very proceeding that forfeited his property in the first place. To do so would be the equivalent of impermissibly using the Federal Rules of Criminal Procedure to attack a civil forfeiture. Fed.R.Crim.P. 54(b)(5); *see [United States v.] Rapp*, 539 F.2d [1156] at 1160 [(8th Cir.1976)]; *see also In re Seizure Warrant*, 830 F.2d 372, 374 (D.C.Cir.1987) (per curiam) ("Because proceedings under section 881 are civil in nature and there is no criminal proceeding with which the seizure is connected, appellant cannot avail himself of the relief provided by Fed.R.Crim.P. 41(e).").

*Id.* at 1274.

We are persuaded by the fine analysis of this issue in *Harper*. Because no evidence was presented to the district court to support Elias' claim that his property was forfeited administratively in violation of the statute, we cannot determine whether, at the time the district court ruled, a judicial forfeiture proceeding remained as a vehicle for the return of Elias' property. If Elias' property has been forfeited pursuant to 19 U.S.C. § 1609 because he failed to file a timely claim, he is expressly barred by the Federal Rules of Criminal Procedure from challenging the forfeiture. Rule 54(b)(5) provides that the Federal Rules of Criminal Procedure "are not applicable to ... civil forfeiture" proceedings. *United States Currency*, 851 F.2d 1233. If the facts are as represented by Elias, namely, that the government has not complied with its statutory duty to initiate a judicial forfeiture proceeding after the filing of a timely claim

and a bond, his remedy was to file a due process claim with the United States Claims Court pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *In re Harper*, 835 F.2d at 1275.

The district court did not err in declining to exercise its equitable jurisdiction in this matter because Elias had an adequate remedy at law to attack the legality of the administrative forfeiture proceedings.

AFFIRMED.