76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Antonio SANTIAGO, aka Leonardo Gomez Hernandez,
Defendant-Appellant.
 No. 95-50190.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Antonio Santiago, aka Leonardo Gomez Hernandez ("Gomez"), appeals pro se the district court's denial of his Fed.R.Crim.P. 41(e) motion and motion for reconsideration. We review de novo. United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In 1985, Drug Enforcement Administration ("DEA") agents investigating money laundering and drug activity, posed as money launderers and received $660,000, $539,200 and $918,626 from Gomez and his associates. The agents transferred the money to foreign bank accounts and received a fee for this service. As a result of the investigation, Gomez pled guilty to money laundering and was convicted of drug conspiracy charges.[1]
 
 
 4
 Gomez contends that the district court erred by denying his Rule 41(e) motion requesting the return of currency and numerous items seized by the DEA. This contention lacks merit.
 
 
 5
 "[A] Rule 41(e) motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.' " Id. (quoting United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.1991)).
 
 
 6
 First, Gomez is not entitled to lawful possession of either the gold Honda or $27,280 found in its trunk because both were registered to, and seized from, Javier Delgado. See id. Likewise, Gomez is not entitled lawful possession of the five cellular phones because they were owned by Mario Villabona. See id. Second, it is clear from the record that the $660,000, $539,200 and $918,626 and three handguns were contraband. See id. Third, Gomez submits no evidence that DEA agents seized a cellular phone, four pagers and jewelry from a Sunstone Street address. Finally, because Gomez received adequate notice of the administrative forfeiture proceedings against the red BMW, he is precluded from contesting its forfeiture in a Rule 41(e) motion. See United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990) (noting that Fed.R.Crim.P. 54(b) precludes a district court's consideration of a Rule 41(e) motion if the claimant received adequate notice).[2]
 
 
 7
 Gomez also appeals the district court's denial of his motion for reconsideration on the basis that the district court failed to read his reply brief. Because the district court explicitly stated that the reply brief was read and considered, we find no abuse of discretion in the denial of Gomez' motion. See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262-63 (9th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gomez' conviction was affirmed on September 6, 1989. United States v. Santiago, No. 87-5345, 1989 WL 106704 (9th Cir. Sept. 6, 1989) (unpublished memorandum disposition)
 
 
 [2]
 The government submitted a signed return receipt addressed to Gomez in federal prison