94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Haji Mohammed ASHRAF, Defendant-Appellant.
 No. 96-15000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Haji Mohammed Ashraf appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), conspiracy to import heroin in violation of 21 U.S.C. § 963 and importation of heroin in violation of 21 U.S.C. § 952. Ashraf contends that his conviction violated the Double Jeopardy Clause of the Fifth Amendment because the wool rugs in which the heroin was found were civilly forfeited prior to the commencement of his criminal trial. Ashraf's claim is foreclosed by the United States Supreme Court's recent decision in United States v. Ursery, 116 S.Ct. 2134, 2149 (1996) (holding that civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause).[1]
 
 
 3
 Furthermore, under section 2255, an evidentiary hearing need not be conducted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (1994); see also Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994).
 
 Accordingly, Ashraf's conviction is
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Ashraf is contesting the adequacy of notice of the forfeiture, we note that the government followed the procedures mandated by 19 U.S.C. § 1607, written notice of the intent to forfeit the property and publication for three successive weeks. See United States v. Elias, 921 F.2d 870, 873 (9th Cir.1990) (holding that the procedures mandated by 19 U.S.C. § 1607 provide adequate notice of forfeiture proceedings)