**Raymond GALVAN, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC., Defendant–Appellee.**

No. 00–16266.

D.C. No. CV–99–05676–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2001 *.

Decided Nov. 16, 2001.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Raymond Galvan brought this action under California law against Wal–Mart Stores, Inc., on the ground that it had discriminated against him on the basis of a physical disability when it terminated him. *See* Cal. Gov't Code § 12940(a). The district court granted summary judgment in favor of Wal–Mart, and Galvan appealed. We affirm.

(1) The district court did not err when it granted summary judgment on Galvan's disability discrimination claim. We need not explore whether, under California law, Galvan has a disability [1] because even if he does, there is no evidence to indicate that his termination was on account of the disability. On the contrary, the evidence demonstrates that he was terminated solely because he removed a food supplement from Wal–Mart's shelf and drank it without first paying for it. Thus, he did not spell out a prima facie case of disability discrimination. *See Finegan v. County of Los Angeles*, 91 Cal.App.4th 1, 7, 109 Cal.Rptr.2d 762, 767 (2001). By the same token, Wal–Mart demonstrated a "legitimate nondiscriminatory reason" for terminating Galvan, and he presented no evidence to show that the reason was pretextual. *See Deschene v.. Pinole Point Steel Co.*, 76 Cal.App.4th 33, 44, 90

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties suggest that the issue of disability under California law is essentially controlled by federal decisions related to the Americans With Disabilities Act, 42 U.S.C. §§ 12101–12213, and they cite only federal cases to us, but the California law which applies to that question may give considerably broader scope to the concept. *See* Cal. Gov't Code §§ 12926(k)(1)(B)(i), 12926.1(c) (2001); *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 257–58, 102 Cal.Rptr.2d 55, 64 (2000).

Cal.Rptr.2d 15, 23 (1999); *see also Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1149–50 (9th Cir.1997).[2]

(2) The record shows beyond peradventure that Galvan was an at-will employee of Wal–Mart. That is the presumption,[3] and nothing in the record before us could overcome it. *See Lenk*, 89 Cal.App.4th at 970, 108 Cal.Rptr.2d at 42 (an employee's unsupported understanding of the terms of employment, contrary to written documents, is not enough); *Horn v. Cushman & Wakefield Western, Inc.*, 72 Cal.App.4th 798, 818–19, 85 Cal.Rptr.2d 459, 473–74 (1999) (good performance reviews are not enough); *Davis v. Consol. Freightways*, 29 Cal.App.4th 354, 367, 34 Cal.Rptr.2d 438, 445 (1994) (existence of a progressive discipline system not enough). The written documentation made it quite clear that Galvan was an at-will employee, and nothing he presented offset that. Therefore, Wal–Mart did not violate any covenant of good faith and fair dealing when it terminated Galvan. *See Horn*, 72 Cal.App.4th at 819–20, 85 Cal.Rptr.2d at 474. The district court did not err.

(3) There can be no freestanding punitive damage claim. *See Hilliard v. A.H. Robins Co.*, 148 Cal.App.3d 374, 391, 196 Cal.Rptr. 117, 128 (1984). Thus, the district court did not err when it granted summary judgment on the demand for punitive damages, while granting summary judgment on the other claims.

AFFIRMED.

---

**2.** Galvan now says that he has some evidence. But it was not put before the district court, and he cannot present it to us for the first time. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990).

---

**3.** *See* Cal. Lab.Code § 2922; *Lenk v. Total–Western, Inc.*, 89 Cal.App.4th 959, 969, 108 Cal.Rptr.2d 34, 41 (2001).