**Roy Eugene JOHNSON, Plaintiff— Appellant,**

v.

**Officer SCHWITTERS; et al., Defendants—Appellees.**

**No. 06–16617.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 9, 2008.

Roy Eugene Johnson, Lovelock, NV, pro se.

Susan K. Stewart, DAG, AGNV—Office of the Nevada Attorney General, Carson City, NV, for Defendants–Appellees.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** **

Roy Eugene Johnson, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal de novo, and factual findings for clear error. *O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1059 (9th Cir.2007). We affirm.

Johnson contends for the first time on appeal that he exhausted prison administrative remedies. He states that the prison rejected his grievance because of a pending investigation into staff misconduct. We decline to consider this contention, which is based on facts presented for the first time in Johnson's opening brief. *See Dream Palace v. County of Maricopa,* 384 F.3d 990, 1005 (9th Cir.2004) ("Ordinarily, we decline to consider arguments raised for the first time on appeal. This rule serves to ensure that legal arguments are considered with the benefit of a fully developed factual record, offers appellate courts the benefit of the district court's prior analysis, and prevents parties from sandbagging their opponents with new arguments on appeal.") (citation omitted); *United States v. Elias,* 921 F.2d 870, 874 (9th Cir.1990) ("[F]acts not presented to the district court are not part of the record on appeal.").

The district court properly determined that, on the facts before it, Johnson had not exhausted all available remedies. *See O'Guinn,* 502 F.3d at 1063 (explaining that investigation that does not terminate prisoner's rights to pursue claims internally

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

does not serve to exhaust administrative remedies).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.