*168 MEMORANDUM **
Nick Shevchynski appeals pro se from the district court’s judgment dismissing for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2), his 42 U.S.C. § 1983 action against Oregon judicial officials for allegedly infringing upon his access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir.2001), and we affirm.
The district court properly dismissed because, even assuming that defendants were not immune from Shevehynski’s claims, the allegations in the complaint failed to state a claim upon which relief could have been granted. See id. at 824 (“To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States ... [and t]o the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.”) (internal quotation marks omitted); see also M.L.B. v. S.L.J, 519 U.S. 102, 113, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (explaining that there exists only “a narrow category of civil cases in which the State must provide access to its judicial process without regard to a party’s ability to pay court fees”).
We do not consider facts stated for the first time on appeal. See United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990) (“[F]acts not presented to the district court are not part of the record on appeal.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.