MEMORANDUM **
Mark R. Quiroz, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court’s application of substantive law de novo and its factual determinations for clear error, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.
The district court properly dismissed Quiroz’s medical indifference claim because his failure to submit a Director’s level grievance within the 15-working-day deadline did not constitute proper exhaustion. See Woodford v. Ngo, 548 U.S. 81, 83-84, 95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” under § 1997 is mandatory and cannot be satisfied “by filing an untimely or otherwise proeedurally defective administrative grievance or appeal”); Booth v. Churner, 532 U.S. 731, 734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that a prisoner must pursue a remedy through the grievance process as long as some action can be ordered in response to the complaint); see also CabCode Regs. tit. 15, § 3084.6(c) (providing that an inmate must submit an administrative appeal within 15 working days of the event or decision being appealed). Quiroz’s arguments in opposition to defendants’ motion to dismiss were insufficient to defeat the motion. See Wyatt, 315 F.3d at 1119-20 (“In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.”).
Quiroz has waived any challenge to the dismissal of his due process claim by failing to raise the issue in his opening brief. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999) (“[Arguments not raised by a party in its opening brief are deemed waived.”).
We will not consider arguments or documents presented for the first time on appeal. See id. (“[A]n appellate court will not consider issues not properly raised before the district court.”); United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990) (explaining that documents not presented to the district court are not part of the record on appeal).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.