**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLADGER ROSS,

          Plaintiff - Appellant,

    v.

ANGEL ORTIZ; MATTHEW BROWN,

          Defendants - Appellees.

No. 13-56662

D.C. No. 5:10-cv-01606-SJO-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 5, 2014[**]

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

    Former federal prisoner Gladger Ross appeals pro se from the district court's

summary judgment in his action arising under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C. §

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Ross failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his wrist fracture. *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health; negligence and a mere difference in medical opinion are insufficient); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.").

We do not consider the contentions in the reply brief concerning Dr. Redix's statements to Ross after his wrist surgery or any other contention that was not presented to the district court. *See United States. v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

13-56662