NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN L. ADAMS, Jr.; YULING S. ADAMS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MARIELLA AGRUSA; FAMILY 1ST INVESTMENTS, INC., <br><br> Defendants-Appellees. | No. 16-56170 <br><br> D.C. No. 2:15-cv-07270-SVW-RAO <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Norman L. Adams, Jr. and Yuling S. Adams appeal pro se from the district court's judgment following a bench trial and partial summary judgment in their action alleging copyright infringement. We have jurisdiction under 28 U.S.C.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's summary judgment. *Worth v. Selchow & Righter Co.*, 827 F.2d 569, 571 (9th Cir. 1987). We affirm.

The district court properly granted summary judgment as to defendant Agrusa's innocent infringement because appellants failed to raise a genuine dispute of material fact as to whether Agrusa knew that her use of the photographs at issue constituted copyright infringement. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957-58 (9th Cir. 2001) ("[W]illful refers to conduct that occurs with knowledge that the defendant's conduct constitutes copyright infringement." (citation and internal quotation marks omitted)).

The district court properly concluded that Agrusa was liable for one count of copyright infringement because the photographs at issue were all part of the same marketing compilation for the subject residential property. *See* 17 U.S.C. § 504(c)(1) ("[A]ll the parts of a compilation or derivative work constitute one work."); *Columbia Pictures TV, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1193 (9th Cir. 2001) (to qualify as a separate independent work for purposes of copyright protection the material must have an independent economic value).

We are unable to consider appellants' contentions regarding the district court's conduct of the trial and evidentiary rulings during the trial because appellants failed to provide any portion of the trial transcript. *See* Fed. R. App. P.

16-56170

10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (dismissing appeal filed by pro se appellant for failure to comply with Fed. R. App. P. 10(b)(2)).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**