**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL HUCUL, a Father with joint custody of his child or children, on behalf of himself and those like him and as a parent with joint custody of their child or children, | No. 17-55192 |
| | D.C. No. 3:16-cv-01244-JLS-DHB |
| Plaintiff-Appellant, | MEMORANDUM* |
| v. | |
| U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Michael Hucul appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional claims arising from state court

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under the *Rooker-Feldman* doctrine. *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004). We affirm.

The district court properly dismissed Hucul's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Hucul's action constituted a forbidden "de facto" appeal of prior state court orders. *See Cooper v. Ramos*, 704 F.3d 772, 777-78, 781 (9th Cir. 2012) (*Rooker-Feldman* doctrine deprives federal district courts of jurisdiction to hear direct and "de facto" appeals from state courts, including a federal complaint that is "frame[d] . . . as a constitutional challenge to the state court['s] decision[]" (citation and internal quotation marks omitted)); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (holding that *Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

Contrary to Hucul's contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply because Hucul did not allege any facts showing that any adverse party prevented him from presenting his claims in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004) (*Rooker-*

2                                                                    17-55192

*Feldman* doctrine does not apply if extrinsic fraud prevented a party from presenting his claim in state court).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Hon. Michael D. Washington's motion to take judicial notice (Docket Entry No. 41) is granted.

Hucul's motion to strike (Docket Entry No. 75) is denied.

**AFFIRMED.**