**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 29 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO, | No. 17-15706 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01371-DAD-EPG |
| v. | |
| RODRIGUEZ, Nurse, individual capacity, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Guillermo Cruz Trujillo, a California state prisoner, appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging constitutional violations.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Jackson v. Fong*, 870

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 928, 932 (9th Cir. 2017). We affirm.

The district court properly granted summary judgment because Trujillo did not properly exhaust his administrative remedies, or show whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (describing limited circumstances under which administrative remedies are deemed unavailable); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010) (plaintiff bears the burden of showing that he attempted to exhaust his administrative remedies and that remedies were unavailable).

Trujillo does not challenge the district court's dismissal of his remaining claims in his opening brief and has therefore waived any challenge to the district court's dismissal of those claims. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**