NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IKEMEFULA CHARLES IBEABUCHI, AKA Charles Ikemefula Ibeabuchi, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PAUL PENZONE; MICHAEL K. JEANES, Clerk, <br><br> Defendants-Appellees. | No. 18-16049 <br><br> D.C. No. 2:17-cv-03911-JAT-JZB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted October 22, 2018[**]

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Arizona state prisoner Ikemefula Charles Ibeabuchi, AKA Charles

Ikemefula Ibeabuchi, appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging denial of access to the courts. We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Ibeabuchi's claims against defendant Penzone because Ibeabuchi failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (setting forth requirements for supervisory liability under § 1983); *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996) (setting forth elements of access-to-courts claim).

The district court properly dismissed Ibeabuchi's claims against defendant Jeanes on the basis of quasi-judicial immunity because they arise out of Jeanes's administrative acts as a court clerk. *See Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002) (quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts"); *see also Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

We do not consider documents not presented to the district court. *See*

2                                                          18-16049

*United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**