**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No. 18-55728 |
| Plaintiff-Appellee, | D.C. No. 2:18-cv-03041-DSF-RAO |
| v. | |
| PATRICK JOSEPH SORIA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 13, 2019**
Pasadena, California

Before:  FISHER, CALLAHAN, and OWENS, Circuit Judges.

Defendant-Appellant Patrick Joseph Soria ("Soria") appeals pro se from the

district court's order granting a preliminary injunction and appointing a permanent

receiver in an action brought by Plaintiff-Appellee Nationstar Mortgage LLC

("Nationstar").  As the parties are familiar with the facts, we do not recount them

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

here.  We affirm.[1]

1.  As a preliminary matter, Soria argues for the first time on appeal that Nationstar lacks "standing."  He appears to contend that Nationstar lacks prudential or statutory standing, which he has waived by failing to raise these issues in the district court.  *See Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1090 (9th Cir. 2012) ("Unlike constitutional standing, which is jurisdictional, we presume that statutory standing may be waived."); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1087 n.6 (9th Cir. 2003) (noting that prudential standing is waivable if not raised in the district court).

Even if Soria is raising Article III standing, which cannot be waived, his argument fails because Nationstar has met the "case-or-controversy" requirement of Article III.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

2.  Soria also argues that the district court lacked personal jurisdiction over him because Nationstar failed to serve him with a copy of a temporary restraining order ("TRO") by a court-imposed deadline.  However, this court-imposed deadline for serving the TRO is unrelated to personal jurisdiction.  *See Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant

---

[1] We grant Nationstar's motion to supplement the record on appeal (Dkt. No. 15).

2

has been served [with the summons and complaint] in accordance with Fed. R. Civ. P. 4." (citation omitted)). Soria does not dispute that, after this court-imposed deadline but prior to the preliminary injunction, he was properly personally served under Rule 4. *See id.* ("So long as a party receives sufficient notice of the complaint, Rule 4 is to be 'liberally construed' to uphold service." (citation omitted)); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (noting that a court may have personal jurisdiction due to the defendant's "[p]resence within a State at the time suit commences through service of process").

Moreover, the record reflects that Soria was also served with a copy of the summons, complaint, and TRO by substitute service before the court-imposed deadline.

3. In addition, Soria challenges the district court's entry of a preliminary injunction. The district court did not abuse its discretion by entering a preliminary injunction after finding that all four *Winter* factors weighed in favor of a preliminary injunction. *See Short v. Brown*, 893 F.3d 671, 675-76 (9th Cir. 2018) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Soria primarily asserts that the district court erred in entering a preliminary injunction because Nationstar had "unclean hands." However, Soria fails to show that Nationstar had "unclean hands" that "militate against issuing an injunction that otherwise meets *Winter*'s requirements." *Inst. of Cetacean Research v. Sea*

*Shepherd Conservation Soc'y*, 725 F.3d 940, 947 (9th Cir. 2013). Soria also improperly relies on new evidence submitted for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

4. Finally, Soria appears to challenge the district court's appointment of a permanent receiver. However, Soria fails to provide any supporting argument, and therefore he has waived this issue. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) (noting that this court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

Furthermore, even if Soria did not waive this issue, the district court did not abuse its discretion by appointing a permanent receiver. *See Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (setting forth standard of review and factors for appointment of receiver).

**AFFIRMED**.