**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM JANNISCH, | No. 18-36081 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00061-DLC |
| v. | MEMORANDUM[*] |
| D. BATES; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

William Jannisch, a Montana state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the

First and Fourteenth Amendments, and the Religious Land Use and

Institutionalized Persons Act ("RLUIPA").  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Jannisch's free exercise and RLUIPA claims arising from (1) the confiscation and destruction of his property and (2) the application of the prison's hobby policy, because Jannisch failed to raise a genuine dispute of material fact as to whether the alleged conduct placed a substantial burden on his religious exercise.  *See Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (elements of § 1983 free exercise claim); *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (elements of a RLUIPA claim); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (under RLUIPA, to constitute a substantial burden on religious exercise, a regulation "must impose a significantly great restriction or onus upon such exercise.").

The district court properly granted summary judgment on Jannisch's procedural due process claim because Jannisch failed to raise a genuine dispute of material fact as to defendants' personal participation in the alleged due process violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he was personally involved in the constitutional deprivation or there was a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation

marks omitted)).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Jannisch's request to proceed in forma pauperis, set forth in his opening brief, is denied as unnecessary.

Jannisch's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**

18-36081