NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL DWIGHT DAVIS, | No. 20-15790 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00163-GMS-MHB |
| v. | |
| DAVID SHINN, Director, Dept of Correction, State of Arizona, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Arizona state prisoner Carl Dwight Davis appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims related to

his imprisonment. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Davis's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success in this action would necessarily imply the invalidity of Davis's conviction or sentence, and Davis failed to allege facts sufficient to show that his conviction or sentence has been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement but must instead seek federal habeas corpus relief).

We do not consider facts or documents that were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Davis's pending motion (Docket Entry No. 16) is denied. To the extent Davis requests relief related to the conditions of his confinement, his request is denied as outside the scope of this appeal.

**AFFIRMED.**