**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES ARTHUR BATTLE,

              Plaintiff - Appellant,

  v.

DEBRA HOLLY,

              Defendant - Appellee.

No. 09-35434

D.C. No. 2:08-cv-00642-RAJ

MEMORANDUM [*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

    James Arthur Battle, a Washington state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed the action because Battle did not exhaust available administrative remedies before filing his federal action. *See Booth v. Churner*, 532 U.S. 731, 739-41 (2001) (holding that exhaustion of available administrative remedies is mandatory under the PLRA regardless of the relief offered through administrative procedures); *see also* 42 U.S.C. § 1997e(a) (allowing no prisoner to bring an action concerning prison conditions under § 1983 until available administrative remedies are exhausted). Battle's arguments in opposition to the motion to dismiss were insufficient to defeat the motion. *See Wyatt*, 315 F.3d at 1119-20 ("In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.").

Battle's remaining contentions are unpersuasive.

We will not consider documents presented for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) (explaining that

documents not presented to the district court are not part of the record on appeal).

Battle's June 22, 2009 motion is construed as a motion to file a supplemental brief, and is granted.

**AFFIRMED.**