FILED

AUG 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAY JOHNSON, | No. 09-55184 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00091-SGL-JCR |
| v. | |
| WINN PROPERTIES; et al., | MEMORANDUM* |
| Defendants - Appellees, | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted August 11, 2011**

Before:    THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Jay Johnson appeals pro se from the district court's order dismissing his action under the Fair Housing Act arising from his eviction from low income housing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Johnson's action was proper because Johnson failed to state a claim for housing discrimination or violations of state law, despite having been granted leave to amend. *See* Cal. Health & Safety Code § 51066(c) ("Before a right to a hearing vests, the tenant shall pay rent for the two-week hearing period to the owner or to an escrow account of the agency. . . ."); *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (elements of handicap discrimination claim under the Fair Housing Act); *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 250 (9th Cir. 1997) (Fair Housing Act provides a private right of action for an "aggrieved person" subjected to "an alleged discriminatory housing practice" (citation and internal quotation marks omitted)); *Wiley v. County of San Diego*, 966 P.2d 983, 985 (Cal. 1998) (elements of legal malpractice); *Davidson v. City of Westminster*, 649 P.2d 894, 901 (Cal. 1982) (elements of intentional infliction of emotional distress).

We do not consider facts presented for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Johnson's remaining contentions are unpersuasive.

**AFFIRMED.**