**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES EDWARD ALLEN, pro se,<br><br>              Plaintiff - Appellant,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>              Defendant - Appellee. | No. 12-35901<br><br>D.C. No. 3:10-cv-05721-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

    Charles Edward Allen appeals pro se from the district court's judgment

dismissing his employment action alleging, among other claims, a violation of the

Family Medical Leave Act ("FMLA").  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Mangano v. United States*, 529 F.3d 1243, 1245 n.2

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2008) (dismissal for lack of subject matter jurisdiction); *Saul v. United States*, 928 F.2d 829, 832 (9th Cir. 1991) (summary judgment). We may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Allen's FMLA claim because Allen failed to raise a genuine dispute of material fact as to whether the United States Postal Service interfered with the exercise of his rights under the FMLA or retaliated against him for exercising his rights under the FMLA. *See Bailey v. Sw. Gas Co.*, 275 F.3d 1181, 1185-86 (9th Cir. 2002) (employer bears the "right and responsibility" of inquiring after medical certification to determine if leave is covered by FMLA, and employee's "refusal to provide additional information [is] not a protected activity"); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001) ("[I]t should be obvious that the FMLA is not implicated and does not protect an employee against disciplinary action based upon [] absences if those absences are not taken for one of the reasons enumerated in the Act." (citation and internal quotation marks omitted)).

Dismissal of Allen's wrongful termination claim was proper because the district court lacked subject matter jurisdiction. *See* 39 U.S.C. § 1005(a) (Chapter 75 of the Civil Service Reform Act ("CSRA") generally applies to officers and

employees of the Postal Service); *Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2134 (2012) (if the challenged conduct constitutes a "major adverse action" under Chapter 75 of the CSRA, then the CSRA's administrative procedures are plaintiff's exclusive remedy, preempting all other review).

Dismissal of the claim that Allen labels as a "hostile work environment" claim was proper to the extent that it relates to his termination because the district court lacked subject matter jurisdiction due to preemption by the CSRA. *See Elgin*, 132 S. Ct. at 2134. To the extent that the claim concerns events unrelated to his termination, dismissal was proper because Allen failed to exhaust his administrative remedies. *See Goodman v. United States*, 298 F.3d 1048, 1054-55 (9th Cir. 2002) (a district court must dismiss, for lack of subject matter jurisdiction, a claim for damages under the Federal Tort Claims Act that is not sufficiently administratively exhausted).

We do not consider evidence submitted for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We reject Allen's contentions concerning "incomplete and erroneous information and perjury testimony."

**AFFIRMED.**

12-35901