NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY G. WOODS, Jr., | No. 13-16626 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00626-NVW |
| v. | |
| CITY OF CHANDLER; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 13, 2015**

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Johnny G. Woods, Jr., appeals pro se from the district court's summary

judgment in his action alleging state and federal claims arising out of his 2010

arrests.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (dismissal

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

based on statute of limitations); *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) (summary judgment). We affirm.

The district court properly granted summary judgment on Woods's state law claims because Woods did not raise a genuine dispute of material fact as to whether he filed a notice of claim within 180 days of his 2010 arrests. *See* Ariz. Rev. Stat. § 12-821.01(A) (a plaintiff must file a notice of claim against a public entity or public employees within 180 days after the cause of action accrues); *see also* Ariz. Rev. Stat. § 12-821.01(B) ("[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage.").

The district court properly granted summary judgment on Woods's 42 U.S.C. § 1983 claims because Woods did not raise a genuine dispute of material fact as to whether he filed his complaint within Arizona's two-year statute of limitations. *See* Ariz. Rev. Stat. § 12-542(1) (two-year statute of limitations for personal injury actions); *see also Lukovsky*, 535 F.3d at 1048 (for § 1983 actions, federal courts apply the forum state's personal injury statute of limitations; federal law determines when a civil rights claim accrues).

We do not consider arguments or facts that were not presented to the district

court.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (declining to consider issues not properly raised before the district court); *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("[f]acts not presented to the district court are not part of the record on appeal").  Nor do we consider issues or arguments raised for the first time in Woods's reply brief.  *See Smith*, 194 F.3d at 1052.

We reject Woods's contention that the district court failed to consider his pro se status in granting summary judgment.

**AFFIRMED.**

13-16626