**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON GIDDINGS, | No. 13-35807 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01484-RSM |
| v. | |
| | MEMORANDUM[*] |
| GREYHOUND LINES INC.; KIRK M. RHODES, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Jason Giddings appeals pro se from the district court's summary judgment in

his diversity action alleging claims arising out of an incident with a Greyhound bus

driver. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *O'Day*

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 761 (9th Cir. 1996). We reverse and remand.

The district court granted summary judgment because it concluded that Giddings did not meet his burden of showing he was disabled at the time of the incident, and thus he was not entitled to statutory tolling and his action was time-barred. However, the record shows that Giddings was previously diagnosed with a serious mental illness and lacked awareness of his actions when not taking medication, that he had a current prescription to treat that illness as of the date of the incident, and that he acted erratically during the incident, giving rise to an inference that he was not taking his medication. Therefore, the record shows a genuine dispute of material fact as to whether Giddings suffered sufficiently from a disability at the time of the incident to warrant tolling. *See* Wash. Rev. Code § 4.16.190; Wash. Rev. Code § 11.88.010; *Rivas v. Overlake Hosp. Med. Ctr.*, 189 P.3d 753, 756 (Wash. 2008) (explaining requirements for statutory tolling based on disability under Washington law); *see also O'Day*, 79 F.3d at 761 (when reviewing a grant of summary judgment, this court must "entertain every reasonable inference in favor of the non-moving party."). Accordingly, we reverse and remand for further proceedings.

We do not consider facts not presented to the district court. *See United*

*States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("[F]acts not presented to the district court are not part of the record on appeal.").

**REVERSED and REMANDED.**