**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEBASTIAN JIMENEZ, | No. 14-17249 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-00638-JAT-BSB |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 15, 2016[**]

Before:       GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Former prisoner Sebastian Jimenez appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to

his serious medical needs and retaliation.  We have jurisdiction under 28 U.S.C.

---

         [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

         [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Jimenez's deliberate indifference claims against defendants Spizzirri, Des Mangles, Delsordi, Stansel, and Burnett because Jimenez failed to allege facts sufficient to show that any defendant knew of and disregarded an excessive risk to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) ("A prison official acts with deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health[,]" "a mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." (citations and internal quotation marks omitted)); *see also Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (failure to follow prison policy does not establish a constitutional violation).

The district court properly dismissed Jimenez's deliberate indifference claim against defendant Corrections Corporation of America because Jimenez failed to allege facts sufficient to show that he was harmed by a policy or custom. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012) (discussing municipal liability and concluding that it applies to private entities sued under § 1983).

The district court properly dismissed Jimenez's retaliation claim against

defendant Cooper because Jimenez failed to allege facts sufficient to show that he engaged in protected conduct, or that Cooper's actions chilled the exercise of his First Amendment rights. *See Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (setting forth elements of a retaliation claim in the prison context).

We do not consider documents or facts that were not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**