FILED

AUG 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENGHIZ K. STEWART,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>MELYSSA RODERICK, L.C.S.W. at Family Transitions; TINA GARBY, Psy.D at Psychological Consultant Services,<br><br>        Defendants-Appellees. | No. 15-16157<br><br>D.C. No. 2:14-cv-02653-GMS-JZB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Arizona state prisoner Jenghiz K. Stewart appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims against two mental health clinicians who provided him with psychological

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

treatment while he was on probation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011), and we affirm.

The district court properly dismissed the action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on Stewart's claims would necessarily demonstrate the invalidity of his probation revocation, and Stewart failed to allege facts sufficient to show that his conviction or sentence has been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (a prisoner's § 1983 action is barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)).

We reject as without merit Stewart's contention that the district court improperly denied his motion to compel the release and forwarding of his legal property.

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

15-16157