**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| IMRAN AHMAD JAMALI, | No. 13-17283 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00613-DGC |
| v. | |
| COUNTY OF MARICOPA, a private municipal corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 16, 2016**

Before:      O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Imran Ahmah Jamali appeals pro se from the district court's order

dismissing his action alleging federal claims arising out of his arrest photograph.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Fed. R. Civ. P. 12(b)(1). *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Jamali's federal claims was proper because Jamali failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 355 (2001) (an arrest and booking process that included photographing the arrestee was "not so extraordinary as to violate the Fourth Amendment"); *Paul v. Davis*, 424 U.S. 693, 712-13 (1976) (rejecting plaintiff's argument that the dissemination of a booking photograph and arrest information to local retail stores violated his right to privacy as guaranteed by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) ("The Eighth Amendment's prohibition of cruel and unusual punishments applies only after conviction and sentence." (citations and internal quotation marks omitted)); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 684-85 (9th Cir. 1993) (describing the types of takings protected by the Fifth Amendment); *Strandberg v. City of Helena,* 791 F.2d 744, 748-49 (9th Cir. 1986)

13-17283

(The Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.").

Contrary to Jamali's contentions, there was no federal subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

We reject as without merit Jamali's contentions that the district court acted outside its authority and otherwise violated his rights in dismissing his action.

We do not consider materials not presented to the district court. *See* Fed. R. Civ. P. 78(b); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**