**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN M. BAKER,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>WALGREENS ARIZONA DRUG<br>COMPANY,<br><br>　　　　　Defendant-Appellee. | No. 16-16189<br><br>D.C. No.  2:15-cv-00342-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted May 24, 2017[**]

Before:　　THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

　　Karen M. Baker appeals pro se from the district court's summary judgment

in her action alleging discrimination in violation of the Age Discrimination in

Employment Act, Title VII, and state law.  We have jurisdiction under 28 U.S.C.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review for an abuse of discretion a district court's discovery rulings. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion when it denied Baker's discovery motions because Baker did not comply with the district court's scheduling order and did not show that denial of her motions resulted in actual and substantial prejudice. *See In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008) ("Failure to comply with the scheduling order exposes a party to 'any just orders,' as determined by the district judge, including dismissal."); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (district court's decision to deny discovery will not be disturbed unless there is a clear showing that the denial "results in actual and substantial prejudice to the complaining litigant" (internal citation omitted)).

Baker waived any arguments regarding the "Initial Discovery Protocols for Employment Cases Alleging Adverse Action" because she did not raise this issue before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e will not consider arguments that are raised for the first time on appeal.").

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Baker does not challenge the district court's summary judgment for

defendants in her opening brief and has therefore waived any objection to the district court's summary judgment on appeal. *See Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003).

**AFFIRMED.**

16-16189