NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL DAVID JOSEPH, | No. 16-55370 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06899-SVW-KK |
| v. | |
| COSTCO WHOLESALE CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| APOTEX CORPORATION, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 24, 2017[**]

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Joel David Joseph appeals pro se from district court's summary judgment in his diversity action alleging claims under California's Unfair Competition Law ("UCL") in connection with the labeling of a prescription drug. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1221 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment on Joseph's UCL claims because Joseph failed to raise a genuine dispute of material fact as to whether he relied on the absence of a country of origin marking before purchasing atorvastatin from defendant Costco. *See* Cal. Bus. & Prof. Code § 17204 (standing under the UCL requires plaintiff's injury to occur "as a result of" defendant's misconduct); *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885-88 (Cal. 2011) (to bring a claim under the UCL, a plaintiff must have economic injury caused by the defendant's unfair business practice); *see also Daniel*, 806 F.3d at 1225 ("To prove reliance on an omission, a plaintiff must show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury-producing conduct.").

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**