NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELISSA RUBENSTEIN,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>WHITTIER POLICE DEPARTMENT,<br>official capacity; et al.,<br><br>　　　　　Defendants-Appellees,<br><br>　and<br><br>HARRISON, Officer, Whittier Police<br>Department, individual capacity; et al.,<br><br>　　　　　Defendants. | No. 16-55818<br><br>D.C. No. 2:13-cv-09549-JLS-KK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Elissa Rubenstein appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging constitutional claims arising from her arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's ruling on a motion for summary judgment. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We affirm.

The district court properly determined that Rubenstein's action was time-barred because all claims accrued more than two years before Rubenstein filed her complaint, and Rubenstein did not establish that she was entitled to tolling. *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (for § 1983 claims, federal courts apply the forum state's statute of limitations and tolling provisions for personal injury actions); *see also* Cal. Civ. Proc. § 335.1 (two-year statute of limitations for personal injury actions); Cal. Civ. Proc. § 352(a) (tolling of the limitations period for insanity); *Hsu v. Mt. Zion Hosp.*, 66 Cal. Rptr. 659, 664-65 (Ct. App. 1968) (commitment to a mental health facility is not conclusive of insanity for the purposes of § 352(a)).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal."). Rubenstein's motions to supplement the record (Docket Entry Nos. 10 and 12) are denied.

**AFFIRMED.**