**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS CLIFFORD INGRAM, | No. 15-56454 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-09428-DOC-OP |
| v. | |
| QUINTANA, Deputy, #524044, individual and official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Curtis Clifford Ingram, a California state prisoner, appeals pro se from the

district court's judgment following a jury verdict in favor of defendants in

Ingram's 42 U.S.C. § 1983 action alleging excessive force.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We affirm.

Ingram waived his challenge to the admissibility of the prior conviction evidence by introducing the evidence at trial, after he previously failed on a motion in limine to exclude it. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 954 (9th Cir. 2011) ("A party's preemptive use of evidence at trial before its introduction by the opposing party constitutes a waiver of the right to challenge the admissibility of the evidence on appeal.").

We do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We reject as without merit Ingram's contention that the district court lacked subject matter jurisdiction.

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**