NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SATYA V. REDDI, | No. 15-56739 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-01054-JVS-DFM |
| v. | |
| HUGHES & HUGHES LLP; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Satya V. Reddi appeals pro se from the district court's order dismissing his

action alleging federal and state law claims arising from his prior marriage

dissolution action.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (Federal Rule of Civil

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6)); *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005) (res judicata). We affirm.

The district court properly dismissed Reddi's action as barred by the doctrine of res judicata because Reddi raised, or could have raised, his claims in his prior state court action, which involved the same primary rights, the same parties or privies, and resulted in a final judgment. *See Manufactured Home Cmtys. Inc.*, 420 F.3d at 1031 ("To determine the preclusive effect of a state court judgment federal courts look to state law."); *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 382 n.1 & 386-87 (Cal. 2015) (setting forth requirements for res judicata, defining primary rights doctrine, and discussing privity). Contrary to Reddi's contentions, his allegations regarding improper garnishment of his funds do not negate the preclusive effect of res judicata. *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) ("If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing Reddi's action without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)

(setting forth standard of review and explaining that it is not an abuse of discretion to dismiss without leave to amend when any proposed amendment would be futile).

We reject as without merit Reddi's contentions that the district court violated his right to due process.

We will not consider matters not properly raised before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Appellees Hughes & Hughes LLP, L. Bergman Hughes, B.A. Hughes, Ewing Wald, S. Hughes, Kaiho, McNamara Mattos, LeMas Farrimond, and Trivedi's request for a pre-filing order, set forth in their answering brief, is denied without prejudice to a separately filed motion for such relief. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (discussing factors for the district court to consider for imposing pre-filing restrictions).

Appellees J.J. Coleman, Moshtael, Sullivan, A.M. Coleman, Kennedy, Lopez Cooper, A. Hughes, and Madanipour's request for sanctions and a pre-filing order, set forth in their answering brief, is denied without prejudice to a separately filed motion for such relief. *See id*.; *see also* Fed. R. App. P. 38.

**AFFIRMED.**

15-56739