**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEE E. SZYMBORSKI, | No. 16-15247 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00889-GMN-CWH |
| v. | |
| SPRING MOUNTAIN TREATMENT CENTER; DARRYL DUBROCA, in his official capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted January 16, 2018**

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Lee E. Szymborski appeals pro se from the district court's summary

judgment in his action alleging violations of the Emergency Medical Treatment

and Labor Act ("EMTALA").  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1165 (9th Cir. 2002). We may affirm on any basis supported by the record, *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1263 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment on Szymborski's EMTALA claim because Szymborski failed to raise a genuine dispute of material fact as to whether his son sought care from a hospital with an emergency department or was discharged after coming to an emergency room. *See Bryant*, 289 F.3d at 1165-66, 1168 (discussing requirements for an EMTALA claim, holding that "EMTALA's stabilization requirement ends when an individual is admitted for inpatient care," and observing that EMTALA "was not enacted to establish a federal medical malpractice cause of action"); *James v. Sunrise Hosp.*, 86 F.3d 885, 889 (9th Cir. 1996) (EMTALA's transfer provision applies only when an individual "comes to the emergency room"); *see also* 42 U.S.C. § 1395dd(a)-(c) (setting out medical screening, stabilizing treatment, and discharge obligations).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Szymborski's motion to strike (Docket Entry No. 24) is denied.

**AFFIRMED.**

16-15247