**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALFRED R. SOSA,

                    Plaintiff-Appellant,

v.

M. C. SAYRE; et al.,

                    Defendants-Appellees.

No. 15-15284

D.C. No. 3:12-cv-00283-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Submitted April 2, 2018[**]

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Alfred Sosa, a California state prisoner, appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs,

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

retaliation, and denial of access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's legal rulings on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court properly dismissed Sosa's deliberate indifference claim and properly granted summary judgment on Sosa's retaliation and access-to-court claims against defendant Torrance because Sosa did not properly exhaust his administrative remedies, and he did not show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (emphasis in original) (citation and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (finding grievance regarding medical treatment "would not have sufficed to exhaust . . . claim . . . for improper screening of his administrative appeals"); *see also Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016) (outlining circumstances when administrative remedies are unavailable).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We reject as unsupported Sosa's contentions regarding alleged misrepresentations, discovery requests, and reconsideration.

In light of this disposition, we do not consider the merits of Sosa's claims.

**AFFIRMED.**