**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 22 2018

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISSA DOREH, | No. 17-16591 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00108-JAS-PSOT |
| v. | |
| UNKNOWN RODRIGUEZ, named as Ms. Rodriguez, Housing Unit Manager at FCI Tucson; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted May 15, 2018[**]

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Issa Doreh, a federal prisoner, appeals pro se from the district court's

judgment dismissing his action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We reverse and remand.

The district court dismissed Doreh's deliberate indifference to safety claim on the ground that Doreh failed to allege that defendants consciously disregarded a substantial threat to his safety by assigning him to a cell on an upper floor. However, Doreh alleged that he provided defendant Rodriguez with medical orders requiring that he be given a lower bunk on the first floor, Rodriguez refused to comply with these orders, and Doreh was injured as a result. Liberally construed, these allegations are sufficient to state a deliberate indifference to safety claim. *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009).

The district court dismissed Doreh's claim of interference with his incoming legal mail on the ground that Doreh failed to allege whether the mail was sent by his attorney, or marked as such, and because Doreh only alleged that four incidents of such mail interference occurred. However, Doreh alleged that defendant Molinar knowingly and intentionally opened Doreh's legal mail outside of his presence on several occasions before it was delivered to him. Liberally construed, these allegations are sufficient to state a legal mail interference claim under the First and Sixth Amendments. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210-11 (9th Cir. 2017) (prisoners have a First Amendment right to have their legal mail

17-16591

opened in their presence, and "[t]wo or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim" (internal quotation marks omitted)); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196-97 (9th Cir. 2017) (Sixth Amendment requires a prisoner be present when legal mail is inspected; even a single incident may give rise to a constitutional violation).

The district court dismissed Doreh's claim regarding the provision of expired food items because Doreh failed to allege that defendant Pratt knew that the food posed a risk to Doreh's health or safety, and disregarded that risk. However, Doreh alleged that defendant Pratt continued to serve him expired food after Doreh lodged several complaints and that Doreh suffered injuries as a result. Liberally construed, these allegations are sufficient to state an Eighth Amendment violation. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) ("Adequate food is a basic human need protected by the Eighth Amendment.").

We reverse the judgment and remand for defendants to respond to the complaint.

We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**REVERSED and REMANDED.**

17-16591