NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IKEMEFULA CHARLES IBEABUCHI,
AKA Charles Ikemefula Ibeabuchi,

Plaintiff-Appellant,

v.

JANET JOHNSON, Clerk of Supreme
Court,

Defendant-Appellee.

No. 18-16653

D.C. No. 2:17-cv-04649-JAT-JZB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Arizona state prisoner Ikemefula Charles Ibeabuchi, AKA Charles

Ikemefula Ibeabuchi, appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging various constitutional claims.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed on the basis of quasi-judicial immunity Ibeabuchi's claims seeking damages because they arise out of Johnson's administrative acts as a court clerk. *See Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002) (quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts").

The district court properly dismissed Ibeabuchi's claims seeking injunctive relief because Ibeabuchi failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also* Ariz. Rev. Stat. § 12-821.01 (tort claim procedures); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (deprivation of property does not constitute a due process violation when a post-deprivation state remedy is available); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of equal protection claim).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Ibeabuchi's motion for production of transcripts (Docket Entry No. 6) is denied.

**AFFIRMED.**

18-16653