NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY LAMELL EZELL, | No. 17-56038 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-04791-FMO-DFM |
| v. | |
| JOSE ESQUETINI, in his capacity as a federal employee acting within the scope of his duties, and as an individual; MARTIN HERNANDEZ, in his capacity as a federal employee acting within the scope of his duties, and as an individual, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted February 19, 2019**

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Federal prisoner Terry Lamell Ezell appeals pro se from the district court's

summary judgment for defendants in his action under *Bivens v. Six Unknown*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendants because Ezell failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of his narcolepsy. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We treat Ezell's "amended appeal" (Docket Entry No. 10) as a request to supplement the opening brief, and grant the request. The Clerk shall file Docket Entry No. 10.

**AFFIRMED.**

2