NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AYSE SEN,

               Plaintiff-Appellant,

   v.

AMAZON.COM, INC.,

               Defendant-Appellee.

No.   18-56413

D.C. No. 3:16-cv-01486-JAH-JLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

    Ayse Sen appeals pro se from the district court's summary judgment in her

action alleging Lanham Act and state law claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Surfvivor Media, Inc. v. Survivor Prods.*, 406

F.3d 625, 630 (9th Cir. 2005). We affirm in part, vacate in part, and remand.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Sen's Lanham Act claims based on the third-party review posted on defendant's website because Sen's claims are barred by the nominative fair use doctrine. *See Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175-76 (9th Cir. 2010) (setting forth elements of doctrine and noting doctrine can apply "where a defendant uses the mark to refer to the trademarked good itself").

The district court properly granted summary judgment on Sen's claim for tortious interference with prospective and actual business relations, and interference with an economic advantage, based on the third-party review posted on defendant's website. The Communications Decency Act ("CDA") provides immunity from liability if a claim "inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009); 47 U.S.C. § 230(c)(1). Sen failed to raise a genuine dispute of material fact as to whether defendant is not a "publisher or speaker" of content within the meaning of the CDA.

The district court granted summary judgment on Sen's Lanham Act claims and claim of tortious interference with prospective and actual business relations, and interference with an economic advantage, based on defendant's "online pay-per-click" advertising campaign, because it found *sua sponte* that Sen's claims were barred by claim preclusion. However, the district court erred because it is not

2                                                                 18-56413

clear that claim preclusion applies. *See Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017) ("[C]laim preclusion does not apply to claims that accrue after the filing of the operative complaint."); *cf. Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002) (a Lanham Act claim accrues at "the time the plaintiff knew or should have known about his § 43(a) cause of action."). We vacate the judgment in part, and remand for further proceedings on these claims only.

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Sen's motion to supplement the record (Docket Entry No. 26) and defendant's motion to strike (Docket Entry No. 30) are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**