**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLIFFORD BRENT THOMAS, | No. 19-16322 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02784-JAM-EFB |
| v. | |
| K. KAUR; LADAN HASHEMI, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 2, 2020**

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

California state prisoner Clifford Brent Thomas appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004).  We affirm.

The district court properly granted summary judgment because Thomas failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his suspected seizure disorder.  *See id*. at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation [under § 1983] must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

We do not consider documents not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

2