**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE PALACIOS,

        Petitioner-Appellant,

 v.

KEVIN SMITH,

        Defendant-Appellee,

 and

EVALYN HOROWITZ,

        Defendant.

No. 20-17233

D.C. No. 2:17-cv-02500-TLN-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Jorge Palacios appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Palacios failed to raise a genuine dispute of material fact as to whether Smith was deliberately indifferent to Palacios's serious medical needs by denying Palacios's requests for mobility accommodations and a medical chrono, or in scheduling Palacios's hernia surgery. *See id.* at 1057-60 (holding that deliberate indifference is a high legal standard and a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by denying Palacios's requests for appointment of an expert under Federal Rule of Evidence 706 because such an appointment was not necessary for the court to make its determination. *See Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

20-17233

We reject as meritless Palacios's contention that the district court treated him unfairly as a pro se litigant.

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**