NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES RAY HUNTER,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>M. PULICICCHIO, named as Captain M. Pulicicchio; ARIZONA DEPARTMENT OF CORRECTIONS; DANIELLA STIMPLE, Deputy Warden; THOMAS, named as C.O. IV Thomas; UNKNOWN PARTIES, named as Jane/John Doe A.D.O.C. Constituent Service Manager,<br><br>Defendants-Appellees. | No. 21-16513<br><br>D.C. No. 4:18-cv-00351-RCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Arizona state prisoner James Ray Hunter appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Hunter's claim relating to Stimple's investigation of the visitation grievance because Hunter failed to raise a genuine dispute of material fact as to whether his constitutional rights were violated. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the requirements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Hunter's claim relating to Stimple's subsequent alleged retaliatory conduct because Hunter failed to exhaust his administrative remedies and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (once the defendant has carried the burden to prove there was an available administrative remedy, the burden shifts to the plaintiff to produce evidence showing that administrative remedies were effectively unavailable to him). Although Hunter has submitted documents on appeal demonstrating his efforts to exhaust, we do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

21-16513