NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHASE MATTHEW LENTZ, | No. 23-15404 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00071-DAD-DB |
| v. | |
| DAVID BERNHARDT, Secretary of the Interior, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 29, 2024[**]

Before:    FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Chase Matthew Lentz appeals pro se from the district court's summary

judgment in his employment action under Title VII of the Civil Rights Act of 1964,

the Rehabilitation Act of 1973, and the Americans with Disabilities Act. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Desire, LLC v. Manna*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021).  We affirm.

The district court properly granted summary judgment on Lentz's claims alleging failure-to-promote, negative references, and disability discrimination because Lentz failed to exhaust his administrative remedies.  *See Cherosky v. Henderson*, 330 F.3d 1243, 1245 (9th Cir. 2003) (Rehabilitation Act claims must be exhausted); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) (Title VII plaintiff must exhaust administrative remedies by filing a timely EEOC or state agency charge, and allegations not included in an EEOC charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge" (citations and internal quotation marks omitted)).

The district court properly granted summary judgment on Lentz's claims alleging disparate treatment in connection with the denial of a performance award because Lentz failed to raise a genuine dispute of material fact as to whether similarly situated individuals outside his protected class were treated more favorably.  *See Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1012 (9th Cir. 2018) (to make out a prima facie case of disparate treatment based on race or color, a plaintiff must show, *inter alia*, that similarly situated individuals outside his protected class were treated more favorably).

The district court properly granted summary judgment on Lentz's retaliation

claims. Lentz failed to raise a triable dispute as to whether his protected conduct was a "but for" cause of the alleged retaliation, *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064-65 (9th Cir. 2002), or whether defendant's legitimate, nondiscriminatory reasons for his reprimand and suspension were pretextual, *see Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) ("If a plaintiff has asserted a prima facie retaliation claim, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision."). Lentz also failed to establish that the changes to his working terms and conditions were sufficiently severe or pervasive to constitute an adverse action. *See id.* at 1245 (retaliatory harassment is actionable "only if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (citation and internal quotation marks omitted)). Finally, Lentz failed to demonstrate that his performance evaluation ratings constituted adverse actions. *See Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002) (plaintiff's performance evaluations that did not result in further negative employment action did not rise to the level of an adverse employment action).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**

3                                                            23-15404